<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIRSAD KOLASINAC, : | |
| Plaintiff, : | Civil Action No. 13-6199 (JLL) |
| v. : | **OPINION** |
| MICHAEL A. ROBBINS, : | |
| Defendant. : | |

**LINARES,** District Judge

Plaintiff Mirsad Kolasinac ("Plaintiff"), a prisoner confined at the Federal Correctional Institution in Otisville, New York, seeks to bring this action *in forma pauperis* alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals under 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed *in forma pauperis* and will order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I. BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that Defendant Robbins served as his attorney during Plaintiff's underlying criminal proceedings. (Compl. ¶ 6.) During the course of that representation,

Plaintiff alleges that Defendant Robbins committed legal malpractice by failing to object to inaccurate information contained in the pre-sentencing report; failing to provide Plaintiff with a copy of the Government's appellate brief; failing to inform Plaintiff of the Court of Appeals' decision; and failing to file a petition for rehearing and petition for writ of certiorari.  (*Id.* at ¶¶ 26-30.)  Plaintiff is seeking compensatory damages in the amount of $250,000.  (*Id.* at ¶ 30.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Federal courts are courts of limited jurisdiction and are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor. *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (in dissent, collecting cases); *Packard v. Provident National Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).  Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... must dismiss the case, unless the defect be corrected by amendment."  *Smith v. McCullough*, 270 U.S. 456, 459 (1926), quoted in *Drexel Univ. v. Obado*, Civil Action No. 13-3052, 2013 WL 2480317, at *1 (D.N.J. June 10, 2013).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  *See First Am. Nat'l Bank v. Straight Creek Processing Co.*, 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).

Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Section

1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant. *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

A plaintiff, as the party asserting diversity jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). *See Gay v. Unlever Trumbull, C.T.*, Civil Action No. 11-5929, 2013 WL 2338604, at *3 (D.N.J. May 28, 2013) (citing *Am. Motorists Ins.* and *Universal Reinsurance*).

> Specifically with respect to individuals,
>
> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another.  Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile.  Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

*McCracken v. Murphy*, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted).  "The modern position—and that adopted by the majority of courts of appeals to have addressed this issue—is that the domicile of a prisoner before his imprisonment presumptively remains his

domicile during his imprisonment. That presumption, however, may be rebutted by showing a bona fide intent to remain in the state of incarceration on release." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (citing cases); *see also McCracken*, 328 F.Supp.2d at 532 (citing *Flanagan v. Shively*, 783 F.Supp. 922, 935 (E.D.Pa. 1992)). "In order to overcome the presumption, the prisoner must offer more than conclusory statements and unsupported allegations. No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." *Id.* (citing *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010) (quotations omitted). "[A] prisoner must introduce more than mere "unsubstantiated declarations" to rebut the presumption… [A] prisoner must "show truly exceptional circumstances" to overcome the presumption….In short, the presumption will not be easily rebutted." *Id.* (internal citations omitted).

In his complaint, Plaintiff has alleged no facts regarding his own citizenship. He only states that he "resides" in Otisville, where he is currently incarcerated. The fact of incarceration in New York is not sufficient, of itself, to establish citizenship in New York. Moreover, Plaintiff has brought this suit against Michael Robbins, a "natural person," however he only provides citizenship information for Mr. Robbins' law practice. (Compl. ¶ 4.)

The Court is mindful that Plaintiff appears here *pro se* and therefore the complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

## III. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice for lack of jurisdiction. However, because it is conceivable that Plaintiff may be able to supplement

4

his pleading with facts sufficient to establish jurisdiction, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint clearly asserting facts establishing jurisdiction in this Court.[1]  An appropriate order follows.


Dated:  May 8, 2014

                                                                        s/ Jose L. Linares
                                                                        Jose L. Linares, U.S.D.J.

---

[1] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12-2430, 2013 WL 1338986, at *5 (3d Cir. April 4, 2013) (collecting cases).  *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  *Id.*

5